## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CRAIG MATHERNE and** | * | **CIVIL ACTION NO.: 2:23-cv-00676** |
| **CINDY MATHERNE** | * | |
| | * | |
| **VERSUS** | * | **JUDGE: NJB** |
| | * | |
| **STATE FARM FIRE AND** | * | **MAGISTRATE JUDGE: DPC** |
| **CASUALTY COMPANY** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER, AFFIRMATIVE DEFENSES, AND REQUEST FOR TRIAL BY JURY

**NOW INTO COURT**, through undersigned counsel, comes defendant, **State Farm Fire and Casualty Company** ("State Farm"), who files this Answer and Defenses and, in support of same, states as follows:

Answering the severally numbered articles of the complaint of Plaintiffs, Craig Matherne and Cindy Matherne, State Farm respectfully avers as follows:

### I. PARTIES

1.

State Farm does not dispute the allegations of Paragraph 1.

2.

State Farm does not dispute the allegations of Paragraph 2.

3.

State Farm does not dispute the allegations of Paragraph 3 of the petition as written. State Farm admits that it is a foreign insurance company licensed to do and doing business in the State of Louisiana.

231/904.0280

## II.    JURISDICTION AND VENUE

### 4.

State Farm denies that it is liable to Plaintiffs for either contractual or statutory damages, however, State Farm does not contest the allegations of Paragraph 4 regarding subject matter jurisdiction.

### 5.

State Farm denies that it is liable to Plaintiffs for either contractual or statutory damages. However, State Farm does not contest the allegations of paragraph 5 regarding venue.

## III RELEVANT FACTS

### 6.

State Farm does not deny the allegations of paragraph 6.

### 7.

State Farm denies the allegations of paragraph 7 as written. State Farm admits that it issued a homeowners policy to the Plaintiffs for property located at 571 W B Street, Norco, Louisiana which was in force and in effect on August 29, 2021. State Farm avers that the policy, which is a written contract, is the best evidence of its contents, including its coverage, exclusions, and conditions. State Farm denies everything at variance therewith.

### 8.

State Farm denies Paragraph 8 of the complaint as written. State Farm admits that Hurricane Ida made landfall on or about August 29, 2021.

231/904.0280

9.

State Farm does not dispute the allegations of Paragraph 9. State Farm admits plaintiffs made a claim for insurance benefits following Hurricane Ida.

10.

State Farm denies the allegations of Paragraph 10 as written.

11.

State Farm denies the allegations of Paragraph 11 as written.

12.

State Farm denies the allegations of Paragraph 12 as written.

13.

State Farm denies the allegations of Paragraph 13. State Farm admits that it has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss and for which were covered losses under the State Farm policy.

14.

State Farm denies the allegations of Paragraph 14. State Farm admits that it inspected the property, prepared and estimate and has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss and for which were covered losses under the State Farm policy.

15.

State Farm denies the allegations of Paragraph 15 State Farm admits that it inspected the property, prepared and estimate and has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss and for which were covered losses under the State Farm

231/904.0280

policy.  State Farm denies that it is liable to Plaintiffs for either contractual or statutory damages. State Farm admits that La. R.S. § 22:1892 and La. R.S. § 22:1973 impose statutory duties on State Farm and admits the statutes are the best evidence of the same and denies everything at variance therewith.

16.

State Farm denies the allegations of Paragraph 16.

17.

State Farm denies the allegations of Paragraph 17 as written.

18.

State Farm denies the allegations of Paragraph 18 of the complaint. State Farm admits that it inspected the property and prepared an estimate of the cost to repair damage observed during the inspection. State Farm admits that it has indemnified Plaintiff for the losses for which State Farm has received satisfactory proof of loss and for which were covered losses under the State Farm policy.

19.

State Farm denies the allegations of Paragraph 19 as written.

20.

State Farm denies the allegations of Paragraph 20 of the complaint as written.

21.

 State Farm denies the allegations of Paragraph 21 of the complaint as written.

231/904.0280

22.

State Farm denies the allegations of Paragraph 22. State Farm admits that it has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss and for which were covered losses under the State Farm policy. State Farm denies that it is liable to Plaintiffs for either contractual or statutory damages. State Farm admits that La. R.S. § 22:1892 and La. R.S. § 22:1973 impose statutory duties on State Farm and admits the statutes are the best evidence of the same and denies everything at variance therewith.

23.

State Farm denies the allegations of Paragraph 23 of the complaint as written. State Farm admits that it inspected the property and prepared an estimate of the cost to repair damage observed during the inspection. State Farm admits that it has indemnified Plaintiff for the losses for which State Farm has received satisfactory proof of loss and for which were covered losses under the State Farm policy.

24.

State Farm denies the allegations of Paragraph 24 of the complaint. State Farm admits that it has indemnified Plaintiff for the losses for which State Farm has received satisfactory proof of loss.

25.

State Farm denies the allegations of Paragraph 25 of the complaint.

26.

State Farm denies the allegations of Paragraph 26.

231/904.0280

Case 2:23-cv-00676-NJB-DPC     Document 5     Filed 03/03/23     Page 6 of 21


27.

State Farm denies the allegations of Paragraph 27 of the complaint. State Farm admits that it has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss and for which were covered losses under the State Farm policy. State Farm denies that it is liable to Plaintiffs for either contractual or statutory damages. State Farm admits that La. R.S. § 22:1892 and La. R.S. § 22:1973 impose statutory duties on State Farm and admits the statutes are the best evidence of the same and denies everything at variance therewith.

28.

State Farm denies the allegations of Paragraph 28 of the complaint.

29.

State Farm denies the allegations of Paragraph 29 of the complaint.

30.

State Farm denies the allegations of Paragraph 30 of the complaint.

31.

State Farm denies the allegations in Paragraph 31.

32.

State Farm denies the allegations in Paragraph 32.

33.

State Farm denies the allegations in Paragraph 33.

### III. CAUSES OF ACTION

### A.  Breach of the Insurance Contract

231/904.0280

34.

State Farm re-avers its responses to Paragraphs 1 to 33 above, as if restated herein.

35.

State Farm denies the allegations of Paragraph 35 of the complaint as written. State Farm admits that it issued a homeowners policy to the Plaintiffs for property located at 571 W B Street, Norco, Louisiana which was in force and in effect on August 29, 2021. State Farm avers that the policy, which is a written contract, is the best evidence of its contents, including its coverage, exclusions, and conditions. State Farm denies everything at variance therewith.

36.

State Farm denies the allegations of paragraph 36 as written. State Farm admits that it issued a homeowners policy to the Plaintiffs for property located at 571 W B Street, Norco, Louisiana which was in force and in effect on August 29, 2021. State Farm avers that the policy, which is a written contract, is the best evidence of its contents, including its coverage, exclusions, and conditions. State Farm denies everything at variance therewith.

37.

State Farm denies the allegations of Paragraph 37. State Farm admits that it has indemnified Plaintiff for the losses for which State Farm has received satisfactory proof of loss.

38.

State Farm denies the allegations of Paragraph 38.

39.

State Farm denies the allegations of Paragraph 39. State Farm admits that it has indemnified Plaintiff for the losses for which State Farm has received satisfactory proof of loss.

231/904.0280

40.

State Farm denies the allegations of Paragraph 40.

41.

State Farm denies the allegations of Paragraph 41.

42.

State Farm denies the allegations of Paragraph 42.

43.

State Farm denies the allegations of Paragraph 43.

44.

State Farm denies the allegations of Paragraph 44.

45.

State Farm denies the allegations of Paragraph 45.

**B. Bad Faith**

46.

State Farm re-asserts its responses to paragraphs 1 to 45, above, as if restated herein.

47.

State Farm denies the allegations of Paragraph 47.  State Farm admits that La. R.S. §22:1973 and 22:1892 imposes statutory duties on State Farm and admits the statute is the best evidence of the same and denies everything at variance therewith.

48.

Paragraph 48 of the petition consists of legal conclusions which require no response from State Farm. To the extent a response is required, State Farm denies the allegations of Paragraph

8

48. State Farm admits that it has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss and for which were covered losses under the State Farm policy. State Farm denies that it is liable to Plaintiffs for either contractual or statutory damages. State Farm admits that La. R.S. § 22:1892 and La. R.S. § 22:1973 impose statutory duties on State Farm and admits the statutes are the best evidence of the same and denies everything at variance therewith.

49.

Paragraph 49 of the complaint consists of legal conclusions which require no response from State Farm. To the extent a response is required, State Farm denies the allegations of Paragraph 49. State Farm admits that it has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss and for which were covered losses under the State Farm policy. State Farm denies that it is liable to Plaintiffs for either contractual or statutory damages. State Farm admits that La. R.S. § 22:1892 and La. R.S. § 22:1973 impose statutory duties on State Farm and admits the statutes are the best evidence of the same and denies everything at variance therewith.

50.

Paragraph 50 of the complaint consists of legal conclusions which require no response from State Farm. To the extent a response is required, State Farm denies the allegations of Paragraph 50. State Farm admits that it has indemnified Plaintiffs for the losses for which State Farm has received satisfactory proof of loss and for which were covered losses under the State Farm policy. State Farm denies that it is liable to Plaintiffs for either contractual or statutory damages. State Farm admits that La. R.S. § 22:1892 and La. R.S. § 22:1973 impose statutory duties on State Farm

231/904.0280

and admits the statutes are the best evidence of the same and denies everything at variance therewith.

51.

State Farm denies the allegations of Paragraph 51.  State Farm admits that La. R.S. 22:1973 and La. R.S. 22:1892 imposes statutory duties on State Farm and admits that the statute is the best evidence of the same and denies everything at variance therewith.

52.

State Farm denies the allegations of Paragraph 52.

53.

State Farm denies the allegations of Paragraph 53.

54.

State Farm denies the allegations of Paragraph 54.

55.

State Farm denies the allegations of Paragraph 55.

56.

State Farm denies the allegations of Paragraph 56.

57.

State Farm denies the allegations of Paragraph 57.

58.

State Farm denies the allegations of Paragraph 58.

59.

State Farm denies the allegations of Paragraph 59.

10

## IV. DAMAGES

60.

State Farm re-asserts its responses to Paragraphs 1 to 59 above, as if restated herein.

61.

State Farm denies the allegations of paragraph 61, together with its subparagraphs a. to h.

62.

Paragraph 62does not require a response by State Farm.

63.

State Farm denies that Plaintiff is entitled to the relief sought in their prayer for relief, found in the 'WHEREFORE" paragraph comprising paragraph 63.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' claims stated in the Complaint are based on a contract of insurance between the parties and are all subject to all terms, conditions, exclusions, deductibles and endorsements of the homeowners policy as set forth in the State Farm policy. State Farm avers that the policy, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein *in extenso*.

### SECOND DEFENSE

State Farm avers that Plaintiffs' recovery under the State Farm policy is limited to the applicable policy limits reflected on the declarations page of the policy and the conditions therein. To the extent that Plaintiffs' policy contained a Deductible, Plaintiffs' claims are subject to the application of the Deductible as set forth in the State Farm policy.

11

231/904.0280

## THIRD DEFENSE

State Farm avers that the Plaintiffs are responsible for reading their policy, as well as any renewal notices, and is presumed to know the provisions of the policy, including the insurer's limit of liability and may not avail herself of ignorance of the policy or law.

## FOURTH DEFENSE

State Farm pleads the comparative fault and/or negligence of Plaintiffs, including the failure to review the terms of coverage, the failure to properly communicate with the insurance agent and/or any mortgagees, and the failure to act as a prudent person under the circumstances, diminishes or bars Plaintiffs' recovery herein.

## FIFTH DEFENSE

To the extent that Plaintiffs allege that State Farm or any of its agents or representatives made misrepresentations or misled them about coverage for Plaintiffs' damages or the scope of the policy's conditions and exclusions, Plaintiffs were in possession of clear policy language indicating such damage was excluded. The insured is responsible for reading the policy and presumed to know its terms, such that Plaintiffs could not justifiably rely on any alleged misrepresentation of State Farm or its agent or representatives about the types of coverage they had when they were in possession of a policy which made clear indication to the contrary.

## SIXTH DEFENSE

Plaintiffs did not and cannot rely on any alleged misrepresentations of State Farm and, as a matter of law, Plaintiffs have no cause of action for any alleged detrimental reliance upon any such alleged misrepresentation. Plaintiffs are presumed to know the terms and conditions of their insurance policy.

231/904.0280

**SEVENTH DEFENSE**

Plaintiffs have knowledge of what insurance coverage they had if not upon signing the application for coverage, then upon plaintiffs' receipt of the premium notice, declaration page and/or renewal certificate for every year thereafter.

**EIGHTH DEFENSE**

To the extent the damages sought by Plaintiffs were caused in whole, or in part, by a covered peril, and any other insurance provides coverage for that covered peril, then the State Farm policy only requires State Farm to pay the proportionate amount that this insurance bears to the total amount of all applicable insurance. State Farm is entitled to credit and/or set-off for any payments paid to or on behalf of Plaintiffs under that other insurance coverage for the same loss at issue here in accordance with the terms of the policy.

**NINTH DEFENSE**

Should it be found that the damages sought by Plaintiffs were caused in part by a covered cause of loss and that any other insurance provides coverage for that covered cause of loss, State Farm pleads the "other insurance" provisions of the applicable State Farm insurance policy.

**TENTH DEFENSE**

To the extent that Plaintiffs have already received any payments from State Farm for their losses, State Farm avers that those payments were appropriate, that Plaintiffs have already been paid everything that they are owed under the State Farm insurance policy, and in the event of a further judgment in favor of Plaintiffs, State Farm claims a credit and/or a set-off of all amounts previously paid to or on behalf of Plaintiffs.

231/904.0280

## ELEVENTH DEFENSE

To the extent that monies recoverable under Plaintiffs' State Farm policy are payable to a mortgagee or other third party, State Farm is entitled to a set-off for any amounts paid to the mortgagee or third party and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the mortgagee or third party, to the extent of the mortgagee's or third party's interest.

## TWELFTH DEFENSE

Plaintiffs' recovery pursuant to the policy issue, if any, is limited to any previously uncompensated losses covered by such policy. Plaintiffs may not recover for losses previously compensated under any policy providing insurance, and State Farm reserves the right to seek an offset for such payments.

## THIRTEENTH DEFENSE

To the extent that Plaintiffs have been previously compensated under their flood insurance policy or received insurance benefits pursuant to a flood policy for damages to structures and contents, the Plaintiffs are estopped from alleging the same and/or similar losses are caused by wind damage

## FOURTEENTH DEFENSE

State Farm had no general or specific duties to Plaintiffs under the facts alleged in Plaintiffs' complaint. Further, assuming *arguendo* that State Farm had general and/or specific duties to the insured under the facts alleged, no such duties were breached.

14

**FIFTEENTH DEFENSE**

State Farm is to be afforded the opportunity to assess all claims of damage asserted by plaintiffs including fact basis for the nature and extent of damages claimed.

**SIXTEENTH DEFENSE**

State Farm adjusted Plaintiffs' claim in good faith, and in accordance with the terms and conditions of the applicable State Farm insurance policy, and in compliance with applicable statutory jurisprudential law.

**SEVENTEENTH DEFENSE**

State Farm avers that there is no cause of action for the claims asserted herein; however, should this Court find any negligence and/or fault on the part of Defendant, which is specifically denied, then Defendant avers that the limitations set forth in Louisiana law, specifically that each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solitarily liable with the other party or non-party, apply here.

**EIGHTEENTH DEFENSE**

To the extent any of Plaintiffs' claims or damages are the result of Plaintiffs' the failure to mitigate, minimize, or avoid the damages and losses alleged, then plaintiffs are barred from recovering damages to such extent.

**NINETEENTH DEFENSE**

The comparative fault and/or negligence of Plaintiffs, including the failure to review the terms of the coverage, the failure to properly communicate to State Farm, the State Farm agent, and the failure to act as a prudent person under the circumstances, diminishes or bars Plaintiffs' recovery herein.

231/904.0280

**TWENTIETH DEFENSE**

State Farm avers that Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of State Farm or any of its agents or representatives. If Plaintiffs have suffered any damage, as alleged, such damage was caused in whole or in part by the action or inaction of third parties for whom State Farm is not responsible.

**TWENTY-FIRST DEFENSE**

Should it be shown that Plaintiffs have made any material misrepresentations in connection with the claim for recovery of damages under the State Farm policy, State Farm pleads such representations are in violation of terms and conditions of said policy, thereby voiding coverage and any obligation thereunder, pursuant to the terms and conditions of said policy, which are pled as if copied in its entirety.

**TWENTY-SECOND DEFENSE**

Plaintiffs' policy contains provisions requiring assistance and cooperation on behalf of the insured. To the extent Plaintiffs breached these provisions, any alleged coverage is precluded under the State Farm policy, and the policy is plead herein as if copied *in extenso*. Defendant owes no damages to Plaintiffs to the extent that Plaintiffs violated and consequently voided coverages that might have been afforded by virtue of the following:

    a. Refusing or failing to provide satisfactory proof of loss;

    b. Refusing to provide information that has been specifically requested;

    c. Failing to cooperate with the adjuster and claims representative in the investigation of the claims; and

    d. Any other circumstances discovered between now and the trial of this matter.

231/904.0280

## TWENTY-THIRD DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted on certain claims.

## TWENTY-FOURTH DEFENSE

Plaintiffs' Complaint is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought therein.

## TWENTY-FIFTH DEFENSE

State Farm avers that the Plaintiffs' claims are premature.

## TWENTY- SIXTH DEFENSE

State Farm pleads the affirmative defenses of all applicable federal and state prescription or peremption statutory time limitations as a bar to any recovery of Plaintiffs herein.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the equitable doctrines of waiver, payment, estoppel, set-off, *res judicata*, laches, and/or unclean hands. To the extent applicable, Plaintiffs' claims are also barred in whole, or in part, by her own judicial admissions.

## TWENTY-EIGHTH DEFENSE

State Farm avers the affirmative defense of want of amicable demand.

## TWENTY-NINTH DEFENSE

Granting the relief sought by Plaintiffs herein would unjustly enrich Plaintiffs.

## THIRTIETH DEFENSE

State Farm specifically denies that it breached any duty to Plaintiffs with respect to the procurement and/or maintenance of Plaintiffs' policy.

231/904.0280

## THIRTY-FIRST DEFENSE

Plaintiffs have no statutory or jurisprudential right of action to recover attorney's fees, penalties, or costs under the facts of this case.

## THIRTY-SECOND DEFENSE

State Farm denies that it breached its contractual or statutory duties to Plaintiffs; however, should Plaintiffs establish a breach of contract and/or violation of statutory duties, Plaintiffs have not suffered any real damages as a result of said breach and/or violation of statutory duties.

## THIRTY-THIRD DEFENSE

State Farm denies that it violated any of the statutory provisions pled by Plaintiffs, including LSA-R.S. 22:1973 or LSA-R.S. 22:1892. State Farm also denies that it acted arbitrarily, capriciously, or without probable cause. State Farm avers it acted in good faith and in compliance with all applicable statutory law at all relevant times herein.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claims for bad faith penalties are barred, in whole or in part, by the United States Constitution, including, but not limited to the substantive and procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Supremacy Clause, the Impairment of Contract Clause, the Takings Clause of the Fifth Amendment, the Equal Protection Clause and the Commerce Clause, and by the Louisiana Constitution.

## THIRTY-FIFTH DEFENSE

Any potential damages awarded for physical damage to Plaintiffs' structure, personal property, and contents are limited to the difference between the pre-loss value of Plaintiffs'

231/904.0280

structure, personal property, and contents, and the post-loss value of Plaintiffs' structure, personal property, and contents, less any payments that are received under any other insurance policies or from any other source for damage to Plaintiffs' structure, personal property, and contents.

### THIRTY-SIXTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "[e]nforcement of any building codes, ordinances or laws regulating the construction, reconstruction, maintenance, repair, placement or demolition of any building structure, other structure or land at the residence premises."

### THIRTY-SEVENTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "[t]he failure of the insured person to take all reasonable steps to preserve property when the property is endangered by a cause of loss we cover."

### THIRTY-EIGTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "(a) wear and tear, aging, marring, scratching, deterioration, inherent vice, or latent defect; (b) mechanical breakdown; . . . (d) rust or other corrosion; (e) settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings . . . ."

### THIRTY- NINTH DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by faulty, inadequate or defective: (a) planning, zoning, development, surveying, siting; (b) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (c) materials

231/904.0280

used in repair, construction, renovation or remodeling; or (d) maintenance of property whether on or off the residence premises by any person or organization.

## FORTIETH DEFENSE

Without waiving any of the defenses elsewhere asserted herein, any allegation contained in Plaintiffs' petition which has not been specifically admitted is hereby denied.

## JURY TRIAL REQUEST

State Farm requests a trial by jury as to all parties and issues herein that are triable to a jury.

## RESERVATION OF RIGHTS

State Farm gives notice that it intends to invoke any other defenses that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

**WHEREFORE**, State Farm prays that this answer be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of State Farm and against Plaintiffs, Craig Matherne and Cindy Matherne, dismissing the complaint with prejudice and at Plaintiffs' costs, and for all general and equitable relief.

Respectfully submitted,

*/s/ Michele Trowbridge Barreca*
**MICHELE TROWBRIDGE BARRECA (30974)**
**MATTHEW E. SIMMONS (#36674)**
Porteous, Hainkel & Johnson, L.L.P.
704 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3838
mtrowbridge@phjlaw.com
msimmons@phjlaw.com
*Attorneys for State Farm Fire and Casualty Company*

20

231/904.0280

**CERTIFICATE OF SERVICE**

I do hereby certify that on March 3, 2023, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send notice of electronic filing to counsel of record.

/s/ *Michele Trowbridge Barreca*_____
MICHELE TROWBRIDGE BARRECA

231/904.0280